UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MELVIN SLAUGHTER,<br><br>Defendant. | Case No. CR13-359RSL<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on defendant's "Motion for Compassionate Release." Dkt. # 101. Having considered the motion and the record contained herein, the Court finds as follows:

## I. PROCEDURAL MOTIONS

As an initial matter, the Court finds compelling reasons justify sealing Exhibit A of the government's response. The government's motion to seal (Dkt. # 109) is accordingly GRANTED. The government's motion to file an overlength response (Dkt. # 107) is also GRANTED.

## II. BACKGROUND

Defendant is a 37-year-old inmate currently incarcerated at the Federal Correctional Institution ("FCI") Sheridan. On February 4, 2014, defendant pled guilty to one count of interference with commerce by robbery in violation of 18 U.S.C. §§ 1951 and 2, and one count of carrying and brandishing a firearm during and in relation to a drug trafficking crime and a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. Dkt. # 51 at 1–2. On April

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 1

25, 2014, the Court sentenced defendant to 156 months' imprisonment and three years of supervised release. Dkt. # 75 at 2–3. The Court also imposed a consecutive 12-month sentence for supervised release violations under cause number CR6-408RSL. Dkt. # 75 at 2. Defendant is currently scheduled for release from the custody of the Federal Bureau of Prisons ("BOP") on September 13, 2025. He now moves for compassionate release.

### III. LEGAL FRAMEWORK

The compassionate release statute provides narrow grounds for defendants in "extraordinary and compelling" circumstances to be released from prison early. See 18 U.S.C. § 3582(c). The First Step Act of 2018 amended the procedural requirements governing compassionate release. See id. Prior to the First Step Act's passage, only the Director of the BOP could bring motions for compassionate release. The Director rarely filed such motions. See, e.g., United States v. Brown, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019). Congress amended the statute to allow defendants to directly petition district courts for compassionate release. As amended, 18 U.S.C. § 3582(c)(1)(A) states in relevant part,

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case—
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > > 
> > > > (i) extraordinary and compelling reasons warrant such a reduction; . . .
> > > > 
> > > > (ii) . . .

and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission[.]

Prior to passing the First Step Act, Congress directed the Sentencing Commission to promulgate a policy statement defining "extraordinary and compelling reasons" in the compassionate release context. See 28 U.S.C. § 994(t). Section 994(t) provides,

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in [18 U.S.C. § 3582(c)(1)(A)], shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

The Sentencing Commission implemented this directive from Congress with a policy statement—U.S.S.G. § 1B1.13. In relevant part, the policy statement provides,

> **Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)**
>
> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that—
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction;
> . . .
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.
>
> **Commentary**
>
> **Application Notes:**
>
> 1. **Extraordinary and Compelling Reasons.**—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
>    (A) **Medical Condition of the Defendant**—

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 3

(i)  The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii)  The defendant is—

(I)  suffering from a serious physical or medical condition,

(II)  suffering from a serious functional or cognitive impairment, or

(III)  experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) **Age of the Defendant.**—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) **Family Circumstances.**—

(i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii)  The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

2. **Foreseeability of Extraordinary and Compelling Reasons.**— For purposes of this policy statement, an extraordinary and

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 4

   compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

3. **Rehabilitation of the Defendant.**—Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.

4. **Motion by the Director of the Bureau of Prisons.**—A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A). The Commission encourages the Director of the Bureau of Prisons to file such a motion if the defendant meets any of the circumstances set forth in Application Note 1. The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.

   This policy statement shall not be construed to confer upon the defendant any right not otherwise recognized in law[.]

U.S.S.G. § 1B1.13.[1]

## IV.  DEFENDANT'S CIRCUMSTANCES

Prior to considering the merits of defendant's motion, the Court must determine whether he has met the statutory exhaustion requirement for compassionate release. See 18 U.S.C. § 3582(c)(1)(A). The parties agree that defendant satisfied this requirement by filing a request

---

[1] For the reasons set forth in detail in United States v. Van Cleave, Nos. CR03-247-RSL, CR04-125-RSL, 2020 WL 2800769, at *3–5 (W.D. Wash. May 29, 2020), "the Court finds the guidance of U.S.S.G. § 1B1.13 persuasive, but not binding." Id. The Court will exercise its discretion to consider "extraordinary and compelling" circumstances that may exist beyond those explicitly identified by the Sentencing Commission in its outdated policy statement. Id.

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 5

1   with the Warden of FCI Sheridan on July 10, 2020. See Dkt. # 101-1 (Ex. 1). Although his
2   request appears to have gone unanswered, more than 30 days have elapsed since it was filed. 18
3   U.S.C. § 3582(c)(1)(A). Finding that defendant has exhausted his administrative remedies, the
4   Court will consider the merits of his motion for compassionate release.

5         Defendant's motion for compassionate release is based primarily on his heightened risk
6   for developing serious complications if he contracts COVID-19 while incarcerated at FCI
7   Sheridan. The Court need not reiterate the widely known information regarding the symptoms of
8   COVID-19 and the devastating global impact of the virus. COVID-19 has created
9   unprecedented challenges for federal prisons, where inmate populations are large and close
10  contact between inmates is unavoidable. As of November 17, 2020, the BOP reports 3,048
11  federal inmates and 1,113 BOP staff have active, confirmed positive COVID-19 test results. See
12  COVID-19 Coronavirus, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited
13  Nov. 17, 2020). Since the BOP reported its first case in late March 2020, at least 141 federal
14  inmates and two BOP staff members have died from the virus. Id. FCI Sheridan currently
15  reports zero inmates and two staff with active, positive COVID-19 test results. Id. BOP has
16  classified five inmates and zero staff at FCI Sheridan as "recovered" from the virus. Id.

17        A review of defendant's BOP medical records confirms that he suffers from several
18  health issues, including having essential hypertension and being overweight. Dkt. # 101-2 at 19;
19  Dkt. # 101-4 at 1 (calculating a BMI value above 25). Defendant has presented evidence that
20  individuals with these health conditions might be at increased risk for severe illness if they
21  contract COVID-19. See, e.g., People with Certain Medical Conditions, CDC, https://www.cdc.
22  gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last
23  visited Nov. 17, 2020) (indicating that people with hypertension and those with a BMI value
24  above 25 might be at an increased risk for severe illness from COVID-19). Defendant's recent
25  medical records, however, suggest that his hypertension is being successfully managed with
26  medication. Dkt. # 110 at 6 (reflecting that, of four blood pressure checks between late 2019 and
27  July of 2020, the three most recent checks showed only elevated blood pressure, not
28  hypertension); see High Blood Pressure, CDC, https://www.cdc.gov/bloodpressure/about.htm

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 6

(last visited Nov. 16, 2020) (providing guidelines for distinguishing elevated blood pressure and hypertension). It is unclear whether hypertension that is being successfully managed with medication can increase an individual's risk for developing serious COVID-19 complications. The Court is sympathetic to and does not intend to minimize defendant's health concerns. However, even assuming defendant has met his burden to demonstrate that "extraordinary and compelling" reasons warrant his compassionate release, additional considerations require denial of relief.

Prior to granting defendant's motion for compassionate release, the Court must find that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. Defendant's record does not support such a finding. Dkt. # 108 at 12–14. The offenses for which defendant has served the current term of imprisonment are extremely serious, and defendant committed them while he was on supervised release for a previous crime. See PSR at ¶¶ 2, 7–12. Defendant has a very lengthy and troubling criminal history. See PSR at ¶¶ 30–87. Defendant's prison disciplinary record is also imperfect and includes several infractions from his prior and current periods of incarceration. Dkt. # 108-1 at 2–3. That said, defendant has not incurred any infractions since January of 2015, id., and the Court commends defendant for engaging in educational programming while in prison, and for expressing a commitment to "carry a new attitude" and "make the best" of his time, both while incarcerated, and when he is ultimately released. Dkt. # 101-5; Dkt. # 102-1 at 1. However, considering defendant's extensive criminal history, the Court remains concerned that if released, he will again fall into dangerous behavioral patterns. Defendant's history outweighs his recent prosocial behavior while in prison, and the Court cannot conclude that he does not pose a continued danger to any other person or the community. U.S.S.G. § 1B1.13.[2] Defendant's motion for compassionate release must therefore be DENIED.

---

[2] Because the Court has determined that defendant poses a danger to the community, it need not further address the factors set forth in 18 U.S.C. § 3553(a). That said, the Court agrees with the government's analysis of the § 3553(a) factors, see Dkt. # 108 at 12–14, and the Court concludes that defendant's circumstances do not warrant a reduction in sentence.

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 7

## V. CONCLUSION

For all the foregoing reasons, defendant's motion for compassionate release (Dkt. # 101) is DENIED. The government's motions to seal (Dkt. # 109) and to file an overlength response (Dkt. # 107) are GRANTED.

DATED this 25th day of November, 2020.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge