UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MELVIN SLAUGHTER,<br><br>Defendant. | Case No. CR13-359RSL<br><br>ORDER DENYING<br>DEFENDANT'S MOTION<br>FOR RECONSIDERATION |

This matter comes before the Court on defendant's "Motion to Reconsider Request for Compassionate Release." Dkt. # 113. Having considered the motion and the record contained herein, the Court finds as follows:

**I.      BACKGROUND**

Defendant is a 38-year-old inmate currently incarcerated at the Federal Correctional Institution ("FCI") Sheridan. On February 4, 2014, defendant pled guilty to one count of interference with commerce by robbery in violation of 18 U.S.C. §§ 1951 and 2, and one count of carrying and brandishing a firearm during and in relation to a drug trafficking crime and a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. Dkt. # 51 at 1–2. On April 25, 2014, the Court sentenced defendant to 156 months' imprisonment and three years of supervised release. Dkt. # 75 at 2–3. The Court also imposed a consecutive 12-month sentence for supervised release violations under cause number CR6-408RSL. Dkt. # 75 at 2. Defendant is currently scheduled for release from the custody of the Federal Bureau of Prisons ("BOP") on September 13, 2025.

ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION - 1

On October 13, 2020, defendant filed a motion seeking compassionate release under 18 U.S.C. § 3582(c) based on increased risk for complications if he contracts COVID-19 while incarcerated. Dkt. # 101. The Court denied defendant's motion for compassionate release on November 25, 2020. Dkt. # 112. Defendant now moves for reconsideration of his motion for compassionate release. Dkt. # 113. Motions for reconsideration are disfavored in this district and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR 7(h)(1).

## II.  DISCUSSION

Defendant contends that the Court's Order "rest[ed] on a premise that has now been specifically rejected by the Ninth Circuit," such that the Court should reconsider defendant's motion. Defendant correctly observes that this Court's Order denying defendant's motion for compassionate release stated: "Prior to granting defendant's motion for compassionate release, the Court must find that he 'is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).' U.S.S.G. § 1B1.13." Dkt. # 112 at 7. The Ninth Circuit has since held that U.S.S.G. § 1B1.13 "is not an 'applicable policy statement' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." United States v. Aruda, 993 F.3d 797, 798 (9th Cir. 2021). Although the Court's previous Order cited U.S.S.G. § 1B1.13 and used the phrase "must find," this Court also explicitly referred to "the guidance of U.S.S.G. § 1B1.13 [as] persuasive, but not binding." Dkt. # 112 at 5 n.1. Moreover, the Court stated in its previous Order that it agreed with the government's analysis of the § 3553(a) factors, which courts consider prior to granting a defendant's motion for compassionate release. Dkt. # 112 at 7 n.2; 18 U.S.C. § 3582(c)(1)(A) (reflecting that a court may modify a term of imprisonment after the defendant has fully exhausted and "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction . . ."). In reexamining its previous Order post-Aruda, the Court finds no reason to disturb its ruling denying relief.

ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION - 2

Defendant's motion for reconsideration appears to focus on arguing that new legal authority rendered the Court's prior ruling erroneous, not that new facts demonstrate manifest error. Indeed, new facts actually provide further support for the Court's prior ruling because defendant has informed the Court that he has been vaccinated. Dkt. # 113 at 4. Defendant did not identify which vaccine he received, but the three vaccines approved in the United States all have high rates of effectiveness: Moderna is 94.1% effective at preventing laboratory-confirmed COVID-19 illness, Pfizer-BioNTech is 95% effective, and J&J/Janssen is 66.3% effective. Moderna, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Moderna.html (May 27, 2021) (last visited June 7, 2021); Pfizer-BioNTech, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html (May 27, 2021) (last visited June 7, 2021); Johnson & Johnson's Janssen, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/janssen.html (June 1, 2021) (last visited June 7, 2021). Even the vaccine with the lowest rate of preventing COVID-19 illness, J&J/Janssen, had "high efficacy at preventing hospitalization and death in people who did get sick," and "[n]o one who got COVID-19 at least 4 weeks after receiving the J&J/Janssen COVID-19 Vaccine had to be hospitalized." Johnson & Johnson's Janssen, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/janssen.html (June 1, 2021) (last visited June 7, 2021). "Courts in this circuit have found that a defendant's receipt of the COVID-19 vaccine weighs against granting compassionate release." United States v. Nash, No. CR-03-00059-001-PHX-JAT, 2021 WL 1969729, at *3 (D. Ariz. May 6, 2021) (citing United States v. Cortez, No. CR-18-00858-01-PHX-SPL, 2021 WL 689923, at *1 (D. Ariz. Feb. 23, 2021) (denying compassionate release because defendant had received vaccine); United States v. Grummer, No. 08-CR-4402-DMS, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021) (same)).

At the time of the Court's previous Order denying defendant's motion for compassionate release, FCI Sheridan reported zero inmates and two staff with active, positive COVID-19 test results. Dkt. # 112 at 6. As of June 7, 2021, FCI Sheridan reports 29 inmates and five staff with active, positive COVID-19 test results. COVID-19 Coronavirus, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited June 7, 2021). The increase in cases at FCI

ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION - 3

Sheridan is concerning, but the only medical issues related to COVID-19 risk that defendant brought to the Court's attention at the time of his motion for compassionate release were that he was suffering from essential hypertension and being overweight. Dkt. # 101 at 3. The Court's review of defendant's medical records indicated that his hypertension was being successfully managed with medication and his most recent checks showed elevated blood pressure, not hypertension. Dkt. # 112 at 6–7. Defendant's motion for reconsideration does not mention hypertension and refers only to defendant being obese, Dkt. # 113 at 4, though defendant previously stated that he was not claiming to be obese. Dkt. # 111 at 2 ("Mr. Slaughter's motion does not claim he is 'obese'. Instead the motion accurately notes that he is not technically obese but is overweight."). Although being overweight is a risk factor for COVID-19, People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (May 12, 2021) (last visited June 7, 2021), based on the medical records previously submitted, defendant had a BMI of 26.6 as of July 2020, PSR ¶ 106 (reflecting a height of 5' 6"), Dkt. # 101-4 at 1 (reflecting a weight of 165 pounds), which means that only around ten pounds separate him from being in the normal weight category rather than the overweight category. Adult BMI Calculator, CDC, https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html (last visited June 7, 2021). Given that defendant's health conditions related to severe illness associated with COVID-19 are fairly close to the borderline and that defendant has been vaccinated, the Court finds that defendant has not established "extraordinary and compelling" circumstances to justify compassionate release.

     Even assuming *arguendo*, that defendant has established "extraordinary and compelling" circumstances for compassionate release purposes, the Court's analysis of the § 3553(a) factors leads the Court to conclude that compassionate release is not justified. The Court may engage in a public safety analysis in the context of the § 3553(a) factors, which include: (i) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (ii) the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; to adequately deter criminal conduct; "to

ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION - 4

protect the public from further crimes of the defendant"; and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; (iii) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; (iv) the sentencing guidelines; and (v) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a); see also United States v. Grimes, No. CR11-5509 BHS, 2021 WL 319404 (W.D. Wash. Jan. 26, 2021) (summarizing relevant factors).

The nature and circumstances of the offense were very serious here, and defendant's criminal history and characteristics also weigh against compassionate release. Defendant contends that the Court's Order denying release "overstates Mr. Slaughter's criminal history of violence," and defendant remarks that the "PSR shows that Mr. Slaughter neither displayed a firearm during the robbery (PSR, ¶ 9) nor discharged one." Dkt. # 113 at 3. The Court's Order denying release did not state that defendant displayed or discharged a firearm, though the government's response referred to defendant and his co-defendant as having "brandished firearms," Dkt. # 108 at 12, and defendant's own motion referred to defendant as having "brandished" a gun while committing the robbery. Dkt. # 101 at 7. Defendant pled guilty to the offense of carrying and brandishing a firearm during a drug trafficking crime and a crime of violence, one of the elements of which is that "[d]efendant knowingly carried and brandished a firearm during and in relation to that crime, and/or that defendant knowingly aided, counseled, commanded, incurred or procured another to do so." Dkt. # 51 at 2. According to the statement of facts in the plea agreement, defendant admitted that he forced the robbery victim to the ground and bound him with zip ties after his co-defendant, "in his presence," " brandish[ed] and point[ed] the firearm" at the victim, Dkt. # 51 at 6, and that he knew his co-defendant arrived armed to the robbery "for purposes of threatening" the victim to effectuate the robbery. Id. Defendant's girlfriend stated that defendant also had a firearm, though he did not display the weapon. PSR ¶ 9. When the victim escaped the zip ties, "he saw firearms in the hands of his assailants and he fired multiple rounds." PSR ¶ 11. Two of defendant's "crew" were shot and wounded. Dkt. # 108 at 12; PSR ¶ 11. The fact that defendant did not fire a firearm does not

ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION - 5

mean he can escape the reality that he planned and participated in a violent crime that posed considerable danger to all involved.

Moreover, defendant committed the underlying offense while already on supervised release for leading a scheme to defraud several banks. Before defendant's bank fraud conviction at the age of 23, defendant already had nine adult convictions and eighteen juvenile dispositions for crimes that include, for example, theft, perjury, harassment, and assault. PSR ¶¶ 64–87. As the Court previously stated, "considering defendant's extensive criminal history, the Court remains concerned that if released, he will again fall into dangerous behavioral patterns." Dkt. # 112 at 7. Even if the danger defendant presents to the public has been somewhat mitigated by his recent prosocial behavior in prison, the remaining sentence continues to reflect the seriousness of defendant's crimes, promote respect for the law, and provide adequate deterrence. The Court already commended defendant for "engaging in educational programming while in prison, and for expressing a commitment to 'carry a new attitude' and 'make the best' of his time, both while incarcerated, and when he is ultimately released," Dkt. # 112 at 7, but the Court again concludes that defendant's circumstances do not warrant a reduction in sentence.

The Court finds no manifest error in its previous Order denying defendant's motion for compassionate release, and the new legal authority cited by defendant does not merit awarding the relief defendant seeks. Accordingly, defendant's motion for reconsideration must be DENIED.

### III. CONCLUSION

For all the foregoing reasons, defendant's motion for reconsideration (Dkt. # 113) is DENIED.

DATED this 11th day of June, 2021.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION - 6