UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MELVIN SLAUGHTER,<br><br>Defendant. | Case No. CR13-359RSL<br><br>ORDER DENYING DEFENDNANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on defendant's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Dkt. # 115). Having considered the motion and the record contained herein, the Court finds as follows:

**I.      Background**

Defendant is a 40-year-old inmate currently incarcerated at Sheridan Federal Correctional Institution ("Sheridan FCI"). *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited August 28, 2023). On February 4, 2014, defendant pled guilty to one count of interference with commerce by robbery in violation of 18 U.S.C. §§ 1951 and 2, and one count of carrying and brandishing a firearm during and in relation to a drug trafficking crime and a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. Dkt. # 51 at 1-2.

On April 25, 2014, the Court sentenced defendant to 156 months' imprisonment and three years of supervised release. Dkt. # 75 at 2-3. As defendant was under federal supervision when he committed these offenses, his conduct also constituted violations of his supervised release. In response to these violations, the Court revoked defendant's term of supervised release

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 1

and imposed a custodial term of 12 months to run consecutively to the sentence imposed in the new case. *See United States v. Slaughter*, No. CR06-408RSL, Dkt. # 43.

On October 13, 2020, defendant filed his first motion for compassionate release, based primarily on his heightened risk of developing serious complications if he contracted COVID-19 while incarcerated at Sheridan FCI. *See* Dkt. # 101. The Court denied defendant's motion, finding that even if Mr. Slaughter could demonstrate an "extraordinary and compelling reason" for release, the potential danger he posed to the community and an analysis of the factors set forth in 18 U.S.C. § 3553(a) militated against granting his motion. *See* Dkt. # 112. Defendant filed a motion for reconsideration on May 21, 2021. *See* Dkt. # 113. The Court again denied defendant's motion, finding an "analysis of the § 3553(a) factors leads the Court to conclude that compassionate release is not justified." Dkt. # 114 at 4. Defendant now moves again for compassionate release. *See* Dkt. # 115.

Defendant is currently scheduled to be released from the custody of the Federal Bureau of Prisons ("BOP") on November 19, 2025. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited August 28, 2023).

## II. Legal Framework

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Congress has provided an exception to that rule, known as compassionate release, which allows the Court to reduce a sentence for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c); *see also United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021); *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). The First Step Act of 2018 amended the procedural requirements governing compassionate release. Prior to the First Step Act's passage, only the Director of the BOP could bring motions for compassionate release. Now, under the First Step Act, defendants are permitted to directly petition the Court for compassionate release. As amended, 18 U.S.C. § 3582(c)(1)(A) states in relevant part:

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 2

        (1) in any case—

            (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

                (i) extraordinary and compelling reasons warrant such a reduction; . . .

                (ii) . . .

            and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission[.]

    Before passing the First Step Act, Congress directed the Sentencing Commission to promulgate a policy statement defining "extraordinary and compelling reasons" in the compassionate release context. *See* 28 U.S.C. § 994(t). In doing so, Congress instructed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* The Sentencing Commission implemented this directive from Congress with a policy statement—U.S.S.G. § 1B1.13. In relevant part, the policy statement provides,

        **Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)**

        Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that—

            (1)(A) Extraordinary and compelling reasons warrant the reduction; . . .

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 3

(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) The reduction is consistent with this policy statement.

**Commentary**

**Application Notes:**

1. **Extraordinary and Compelling Reasons.**—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) **Medical Condition of the Defendant**

    . . . .

    (B) **Age of the Defendant**

    . . . .

    (C) **Family Circumstances**

    . . . .

    (D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

2. **Foreseeability of Extraordinary and Compelling Reasons.**—For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

3. **Rehabilitation of the Defendant.**—Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.

    . . . .

U.S.S.G. § 1B1.13. The Ninth Circuit has held that U.S.S.G. § 1B1.13 "is not an 'applicable policy statement' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *Aruda*, 993 F.3d

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 4

at 798, 802.[1] The Court may consider U.S.S.G. § 1B1.13 in exercising its discretion, but it is not binding. *Id.*

### IV. Analysis

In deciding whether to grant defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), the Court first considers whether defendant has met the statutory exhaustion requirement for compassionate release. If the exhaustion requirement is met, the Court turns to three substantive considerations that govern compassionate release analysis: (1) whether "extraordinary and compelling reasons warrant such a reduction," (2) whether a reduction would be "consistent with *applicable* policy statements issued by the Sentencing Commission," and (3) the sentencing factors set forth in 18 U.S.C. § 3553(a). *See United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022) (emphasis in original) (internal citations and quotations omitted). "Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds." *Id.*

#### A. Exhaustion Requirement

The Court first determines whether defendant has met the statutory exhaustion requirement. Where, as here, the Director of the BOP has not filed the motion on defendant's behalf, the Court may only consider the motion if defendant has requested that the BOP make such a motion and either (i) defendant has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," or (ii) 30 days have elapsed since the "warden of the defendant's facility" received a compassionate-release request from defendant. *Keller*, 2 F.4th at 1281 (quoting 18 U.S.C. § 3582(c)(1)(A)).

Here, defendant has provided the Court with a copy of the request he submitted to the warden of his facility on July 7, 2023. *See* Dkt. # 115 at 10. Thus, it is clear that more than 30 days have elapsed since defendant submitted his request. The government does not argue that

---

[1] "Although the Sentencing Commission recently issued a policy statement addressing defendant-filed motions, it is not yet in effect." *United States v. Roper*, 72 F.4th 1097, 1101 n.2 (9th Cir. 2023) (citing Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28,254 (May 3, 2023)).

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 5

defendant has failed to satisfy the exhaustion requirement. *See* Dkt. # 116. The Court therefore considers the merits of defendant's motion for compassionate release.

### B. "Extraordinary and Compelling" Reasons

It is defendant's burden to establish an extraordinary and compelling reason warranting compassionate release. *See Wright*, 46 F.4th at 951 (explaining that it is defendant's "burden to establish his eligibility for compassionate release"). Here, defendant argues that the challenging prison conditions he has faced – specifically being incarcerated for the entirety of the COVID-19 pandemic and the particular problems that arose at Sheridan FCI as a result of the pandemic and the facility's staff shortages – constitute "extraordinary and compelling reasons" justifying release. *See* Dkt. # 115 at 1-3.[2]

As an initial matter, this Court and several other district courts have reasoned that "[a]ny Eighth Amendment arguments defendant may have regarding the conditions of confinement may be properly brought in a habeas petition or a direct civil claim, not a motion for compassionate release." *United States v. Rollness*, No. CR06-041RSL, 2021 WL 4476920, at *6 n.6 (W.D. Wash. Sept. 30, 2021) (collecting cases). However, the Ninth Circuit has not addressed the issue in a published opinion, and has specifically declined to rule on whether Eighth Amendment claims may be brought under § 3582(c)(1)(A) in its unpublished opinions. *See United States v. Wheeler*, 837 F. App'x 542 (9th Cir. 2021); *United States v. Rivera*, 845 F. App'x 683 (9th Cir. 2021); *United States v. Alcaraz*, No. 22-10097, 2022 WL 12030043 (9th Cir. Sept. 19, 2022); *United States v. Arceneaux*, 830 F. App'x 859 (9th Cir. 2020). Accordingly, while the Court concludes that defendant's conditions of confinement claims are

---

[2] Defendant argues that "[s]everal inmates at FCI Sheridan have received partial reductions to their sentences for the conditions of confinement" at the facility. Dkt. # 115 at 1. However, the defendants in the cases cited to by Mr. Slaughter based their compassionate release motions off of their particularized circumstances rather than general conditions of confinement. *See United States v. Westwolf*, No. CR19-41GF-BMM, 2023 WL 3305102 (D. Mont. May 8, 2023) (granting reduction in sentence based on defendant's "deteriorating eyesight and related medical complications"); *United States v. Beltran*, No. CR19-35GF-BMM, 2023 WL 3851047 (D. Mont. June 6, 2023) (granting reduction in sentence in light of "BOP's potential failure to award Beltran credit for time served").

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 6

likely better suited to a habeas petition or civil rights claim, there appears to be no barrier preventing the Court from considering his claims under the compassionate release framework. *See Roper*, 72 F.4th at 1100-01 (noting the "broad discretion" district courts have in determining "what may constitute extraordinary and compelling reasons").

Considering defendant's allegations under the compassionate release rubric, the Court is not convinced that defendant has demonstrated an extraordinary and compelling reason. While defendant's motion paints a very troubling picture of life at Sheridan FCI during the pandemic, courts in this district have consistently concluded that "general conditions that affect inmates indiscriminately throughout the prison are insufficient to support an individual defendant's claim for compassionate release." *United States v. Bolden*, No. CR16-320RSM, 2020 WL 4286820, at *7 (W.D. Wash. July 27, 2020); *see also United States v. Kvashuk*, No. CR19-143JLR, 2023 WL 3866678, at *2 (W.D. Wash. June 7, 2023) (collecting cases). Given that defendant has failed to address how the lockdowns at Sheridan FCI have impacted him personally and instead describes the conditions of confinement more generally,[3] the Court finds that defendant's experience at Sheridan FCI – while undoubtedly difficult – does not constitute grounds for compassionate release.

### C. § 3553(a) Factors

Even if the Court were to conclude that defendant's conditions of confinement constituted extraordinary and compelling reasons, the Court finds that a sentence reduction would not be consistent with the applicable sentencing factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A); *see also Keller*, 2 F.4th at 1284. In the context of compassionate release, relevant factors include: (i) "the nature and circumstances of the offense and the history

---

[3] Indeed, as noted by the government in its response, defendant's "motion appears to be a form motion that has been filed by at least five other defendants convicted in this district and currently held at Sheridan. *See United States v. Brooks*, No. 19-cr-00093-JLR (W.D. Wash.) Dkt. 112; *United States v. Pigott*, 21-cr-00013-RAJ (W.D. Wash.) Dkt. 35; *United States v. Stahlman*, No. 18-cr-05094-BHS (W.D. Wash.) Dkt. 1184; *United States v. Taylor Nairn*, No. 18-cr-05094-BHS (W.D. Wash.) Dkt. 1185. According to BOP officials, the same motion has been filed in a number of other districts as well." Dkt. # 116 at 2.

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 7

and characteristics of the defendant," (ii) the need for the sentence imposed (1) "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," (2) to adequately deter criminal conduct and "to protect the public from further crimes of the defendant," and (3) "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," (iii) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," (iv) the sentencing guidelines, and (v) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a); *see also United States v. Grimes*, No. CR11-5509-BHS, 2021 WL 319404 (W.D. Wash. Jan. 26, 2021) (summarizing factors).

The Court has twice concluded that a reduction in Mr. Slaughter's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) would be inconsistent with its analysis of the factors listed in 18 U.S.C. § 3553(a). *See* Dkt. # 112 at 7; Dkt. # 114 at 4-6. Defendant has offered nothing that would lead the Court to reconsider its prior conclusion on this issue. For example, while defendant argues that recent evidence demonstrates the effectiveness of home confinement for many inmates, *see* Dkt. # 115 at 4, the Court has consistently noted that defendant committed the instant offense while serving a term of supervised release for a prior federal offense, *see* Dkt. # 112 at 7. Accordingly, while home confinement may be a successful option for many individuals, defendant has failed to demonstrate that it would be a successful or appropriate option for him.

The Court continues to applaud defendant on his efforts to rehabilitate himself in prison, including completing the Resolve program, *see* Dkt. # 115 at 11, and taking advantage of the programming available to him during the COVID-19 pandemic. However, the Court again concludes that defendant's circumstances do not warrant a reduction in sentence.

//
//
//
//

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 8

//

III. Conclusion

For all the foregoing reasons, defendant's motion for compassionate release (Dkt. # 115) is DENIED.

IT IS SO ORDERED.

DATED this 30th day of August, 2023.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 9